FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

11 JUL -8 PM 2:38

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN F. MCGUIRE, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. |
| THE GEO GROUP, INC. | ) | **1:11-cv-0910 TWP-DML** |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff John F. McGuire (hereinafter "McGuire"), by counsel, files this Complaint and Demand for Jury Trial against his former employer, The GEO Group, Inc., pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 USCS § 12101, *et seq.*

### I. PARTIES, VENUE AND JURISDICTION

1. McGuire is an Indiana citizen residing in the Southern District of Indiana.

2. GEO Group is a private corporation contracted with the Indiana Department of Corrections to staff the New Castle Correctional Facility.

3. GEO Group is incorporated and has its principal place of business in Florida.

4. GEO Group regularly conducts business activities in the Southern District of Indiana, and GEO Group employed McGuire in the Southern District of Indiana.

5. GEO Group is an employer as defined by the ADA, 42 U.S.C. § 12111(5).

6. McGuire was GEO Group's employee as defined by the ADA, 42 U.S.C. § 12111(4).

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331. McGuire's claim arises under federal law, specifically the Americans with Disabilities Act, 42 U.S.C.§

12117, which incorporates by reference Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because McGuire is an Indiana citizen bringing suit against GEO Group, which is incorporated with its principal place of business both in Florida, and the amount in controversy exceeds $75,000.

9. Venue is proper pursuant to 28 U.S.C. § 1391. GEO Group is subject to personal jurisdiction in the Southern District of Indiana, GEO Group regularly conducts business activities within the Southern District of Indiana, and a substantial part of the events giving rise to the claims occurred in the Southern District of Indiana.

10. McGuire satisfied his requirement to exhaust administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 9, 2010, alleging disability discrimination.

11. The EEOC issued McGuire a Notice of Right to Sue on or about May 16, 2011. This Complaint is being timely filed within ninety days of the EEOC's issuance of the Notice of Right to Sue.

## II. FACTUAL ALLEGATIONS

12. McGuire hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

13. McGuire was employed on a full-time basis by GEO Group from January of 2006 to October of 2010.

14. During his employment, McGuire met or exceeded GEO Group's legitimate performance expectations.

15. GEO Group terminated McGuire's employment on or about October 21, 2010.

16. While employed by GEO Group, McGuire worked as a Shift Supervisor and Correctional Lieutenant at the New Castle Correctional Facility in New Castle, Indiana.

17. On or about Friday, July 9, 2010, McGuire left work early after experiencing headaches.

18. That same day, McGuire was admitted to St. Vincent Hospital in Indianapolis for treatment.

19. McGuire was released from St. Vincent Hospital on Sunday, July 11, 2010. At that time, his treating physician ordered restrictions that he not lift objects greater than ten pounds and not exert himself for a period of one week.

20. McGuire has a history of heart disease.

21. On Monday, July 12, 2010, McGuire attempted to return to work, but his supervisor refused to allow him to return to work.

22. GEO Group ordered McGuire to obtain a physician's release to return to work.

23. On or about July 19, 2010, McGuire met with Dr. John F. Miller of New Castle Family Physicians who determined that McGuire "may continue to work with no restrictions." McGuire provided this documentation from Dr. Miller to GEO Group.

24. GEO Group demanded that McGuire obtain additional medical documentation before returning to work.

25. On or about July 26, 2010, Dr. Miller again determined that McGuire was able to perform all of the duties, responsibilities, and minimal requirements enumerated in his job description. McGuire provided this additional documentation from Dr. Miller to GEO Group.

26. On August 2, 2010, GEO Group wrote a letter to McGuire stating that its own company physician, Dr. Dinklage, had determined that he was "unfit to perform the duties of his position," because of his heart condition.

27. On or about October 21, 2010, GEO Group notified McGuire that it had terminated his employment.

### III. LEGAL ALLEGATIONS

**Count I: Disability Discrimination in the Terms and Conditions of Employment
<u>Regarded as Disabled</u>**

28. McGuire hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

29. McGuire is a qualified individual able to perform the essential functions of his job at the New Castle Correctional Facility, with or without reasonable accommodations.

30. GEO Group regarded McGuire as having a physical or mental impairment that substantially limited one or more of his major life activities.

31. GEO Group did not allow McGuire to return to work after his two-day hospitalization in July of 2011.

32. McGuire filed a Charge of Discrimination with the EEOC on September 9, 2010, alleging violation of the ADA.

33. GEO Group fired McGuire on or about October 21, 2010.[1]

32. By terminating him, GEO Group discriminated against McGuire in the terms and conditions of his employment because of his perceived or actual disability.

---

[1] McGuire subsequently filed a Charge of Discrimination with the EEOC for retaliation. That Charge remains pending. McGuire intends to amend his Complaint to include a count for retaliation when the EEOC completes its investigation of his retaliation Charge.

4

33. McGuire's perceived or actual disability was a motivating factor for GEO Group's termination of his employment.

34. The articulated reasons for the adverse employment action taken against McGuire are mere pretexts for unlawful discrimination.

35. GEO Group acted intentionally when discriminating against McGuire.

36. McGuire has been damaged by GEO Group's unlawful actions.

## Count II: Disability Discrimination in the Terms and Conditions of Employment
### Failure to Accommodate

37. McGuire hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth here.

38. McGuire has a physical or mental impairment that substantially limits one or more of his major life activities.

39. GEO Group was aware that McGuire has a physical or mental impairment that substantially limits one or more of his major life activities.

40. At no time did GEO Group offer McGuire an accommodation.

41. At no time did GEO Group engage in the interactive process with McGuire to address potential reasonable accommodations.

42. McGuire's perceived or actual disability was a motivating factor for GEO Group's termination of his employment.

43. The articulated reasons for the adverse employment action taken against McGuire are mere pretexts for unlawful discrimination.

44. GEO Group acted with malice or reckless indifference when taking adverse employment actions against McGuire.

45. McGuire has been damaged by GEO Group's unlawful actions.

## RELIEF REQUESTED

McGuire requests the following relief:

a. All wages and other economic benefits lost as a result of GEO Group's unlawful actions, including, but not limited to, back pay, front pay, retirement compensation, retirement benefits, and loss of future earning capacity;

b. Compensatory damages;

c. Damages to compensate McGuire for mental anguish and emotional distress;

d. Liquidated damages and/or punitive damages;

e. All costs and reasonable attorney fees incurred in litigating this action;

f. Pre-judgment and post-judgment interest; and

g. Any and all other legal and/or equitable relief to which McGuire is entitled.

Respectfully submitted,

*/s/ A Couture*
Kathleen A. DeLaney (#18604-49)
Amanda Couture (#24838-53)
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff John F. McGuire, by counsel, respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ A. Couture*

Kathleen A. DeLaney (#18604-49)
Amanda Couture (#24838-53)
Attorneys for Plaintiff

DELANEY & DELANEY LLC
3646 N. Washington Boulevard
Indianapolis, IN 46205

Dated: July 8, 2011